1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT
8                EASTERN DISTRICT OF CALIFORNIA
9
10

| JESSIE DEE PRITCHETT, | ) 1:12-cv—01333-LJO-SKO-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITIONER'S SECOND, |
| | ) THIRD, AND FOURTH CLAIMS WITHOUT |
| v. | ) LEAVE TO AMEND (DOC. 10) |
| | ) |
| AUDREY KING, Executive | ) FINDINGS AND RECOMMENDATIONS TO |
| Director, | ) REFER THE PROCEEDING BACK TO THE |
| | ) MAGISTRATE JUDGE TO DIRECT THE |
| Respondent. | ) FILING OF A RESPONSE TO THE |
| | ) REMAINING CLAIM |
| | ) |

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

       Petitioner is a state prisoner proceeding pro se and in

forma pauperis with a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  The matter has been referred to the

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

Rules 302 and 304.  Pending before the Court is the petition,

which was filed on August 16, 2012.

       I.  <u>Screening the Petition</u>

       Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts (Habeas Rules) requires the Court to make

a preliminary review of each petition for writ of habeas corpus.

1

1  The Court must summarily dismiss a petition "[i]f it plainly
2  appears from the petition and any attached exhibits that the
3  petitioner is not entitled to relief in the district court...."
4  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
5  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
6  1990).  Habeas Rule 2(c) requires that a petition 1) specify all
7  grounds of relief available to the Petitioner; 2) state the facts
8  supporting each ground; and 3) state the relief requested.
9  Notice pleading is not sufficient; rather, the petition must
10 state facts that point to a real possibility of constitutional
11 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
12 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
13 Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
14 that are vague, conclusory, or palpably incredible are subject to
15 summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

16     The Court may dismiss a petition for writ of habeas corpus
17 either on its own motion under Habeas Rule 4, pursuant to the
18 respondent's motion to dismiss, or after an answer to the
19 petition has been filed.  Advisory Committee Notes to Habeas Rule
20 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
21 (9th Cir. 2001).  A petition for habeas corpus should not be
22 dismissed without leave to amend unless it appears that no
23 tenable claim for relief can be pleaded were such leave granted.
24 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

25     Here, Petitioner alleges that he is an inmate of the
26 Coalinga State Hospital serving a sentence or term of commitment
27 pursuant to California's Sexually Violent Predators Act (SVPA)
28 imposed on February 12, 2012, in the Superior Court of the State

of California for the County of Tulare (TCSC).  Petitioner alleges that he pled no contest to a single count of sexual battery in violation of Cal. Pen. Code § 243.3 in Tulare County Superior Court case number VCF233965.  Petitioner challenges his commitment and the proceedings leading to his commitment that were undertaken pursuant to the SVPA as contrary to his plea agreement in the sexual battery case.

Petitioner raises the following claims in the petition: 1) the prosecution's filing of the SVPA petition was a breach of Petitioner's plea agreement in the sexual battery case; 2) the SVPA petition could not have been filed had Petitioner not been incarcerated in his case because the SVPA requires one to be incarcerated; 3)the SVPA proceeding was untimely under California's statutory scheme; and 4) contrary to its ruling, the trial court (TCSC), which dismissed Petitioner's habeas corpus petition challenging the SVPA proceeding, had the authority to dismiss the SVPA petition.

Petitioner alleges that he raised all his claims in the TCSC, the California Court of Appeal, and the Supreme Court of California, all of which denied his claims.

II.  State Law Claims

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of

a state court only on the ground that the custody is in violation
of the Constitution, laws, or treaties of the United States.  28
U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,
16 (2010) (per curiam).  Federal habeas relief is not available
to retry a state issue that does not rise to the level of a
federal constitutional violation.  <u>Wilson v. Corcoran</u>, 562 U.S.
at 16; <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Thus,
alleged errors in the application of state law are not cognizable
in federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623
(9th Cir. 2002).  In a habeas proceeding, this Court is bound by
the California Supreme Court's interpretation of California law
unless it is determined that the interpretation is untenable or a
veiled attempt to avoid review of federal questions.  <u>Murtishaw</u>
<u>v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

Here, in his second claim, Petitioner argues that the SVPA
petition could not have been filed if Petitioner had not been
incarcerated on the sexual battery conviction because the SVPA
requires such incarceration.  Petitioner's claim rests upon an
assertion concerning the state law that sets forth the
requirements for filing a petition pursuant to the SVPA.  This
Court is bound by the state courts' application and
interpretation of state law.  Accordingly, Petitioner's third
claim presents only an issue of state law which is not cognizable
in this proceeding.

Accordingly, it will be recommended that Petitioner's second
claim concerning the incarceration requirement of the SVPA and
the necessity of Petitioner's custody be dismissed.

In his third claim, Petitioner contends that the SVPA proceeding was untimely under California's statutory scheme. Again, whether a petition is untimely under California's SVPA is exclusively a matter of California law.  This Court is bound by the state courts' application and interpretation of state law. Thus, with respect to his third claim concerning timeliness, Petitioner fails to set forth a federal claim.  It will, therefore, be recommended that the third claim be dismissed.

Finally, in his fourth claim, Petitioner alleges that contrary to its ruling, the trial court (TCSC), which dismissed Petitioner's habeas corpus petition challenging the SVPA proceeding, had the authority to dismiss the SVPA petition. Again, this claim concerns solely California's law regarding the extent of a trial court's authority, a matter which does not raise a federal claim cognizable in this proceeding.  Thus, the claim should be dismissed.

As set forth above, Petitioner's second, third, and fourth claims fail not because Petitioner has omitted sufficient factual allegations, but rather because the claims concern state law matters as to which the rulings of the California courts bind this Court.  Thus, granting Petitioner leave to amend the claims would be futile.  Therefore, it will be recommended that Petitioner's second, third, and fourth claims be dismissed without leave to amend.

In sum, it will be recommended that Petitioner's second, third, and fourth claims be dismissed without leave to amend, and that the proceeding be referred back to the Magistrate Judge to order a response to the remaining claim in the petition.

1    III.   Recommendations

2    Accordingly, it is RECOMMENDED that:

3    1)   Petitioner's second, third, and fourth claims be

4    DISMISSED without leave to amend; and

5    1)   The proceeding be REFERRED back to the Magistrate Judge

6    to direct the filing of a response to the remaining claim in the

7    petition.

8    These findings and recommendations are submitted to the

9    United States District Court Judge assigned to the case, pursuant

10   to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

11   the Local Rules of Practice for the United States District Court,

12   Eastern District of California.  Within thirty (30) days after

13   being served with a copy, any party may file written objections

14   with the Court and serve a copy on all parties.  Such a document

15   should be captioned "Objections to Magistrate Judge's Findings

16   and Recommendations."  Replies to the objections shall be served

17   and filed within fourteen (14) days (plus three (3) days if

18   served by mail) after service of the objections.  The Court will

19   then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

20   § 636 (b)(1)(C).  The parties are advised that failure to file

21   objections within the specified time may waive the right to

22   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

23   1153 (9th Cir. 1991).

24

25   IT IS SO ORDERED.

26   **Dated:    October 16, 2012**                    **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

27

28