# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE DEE PRITCHETT,<br><br>       Petitioner,<br><br>   v.<br><br>AUDREY KING, Executive Director,<br><br>       Respondent. | Case No. 1:12-cv-01333-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br><u>OBJECTIONS DEADLINE:</u><br><u>THIRTY (30) DAYS</u> |

    Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on August 16, 2012.

---

[1] Although Petitioner initially filed his petition pursuant to 28 U.S.C. § 2254, Petitioner acknowledges, and Respondent confirms, that Petitioner is awaiting jury trial set for October 28, 2013, in a state court on a pending petition for his commitment as sexually violent predator (SVP).  (Pet., doc. 1, 20; doc. 18, 8; LD 18.) A pretrial detainee is not a "person in custody pursuant to the judgment of a State court" within the meaning of § 2254(a); however, habeas corpus jurisdiction arises pursuant to 28 U.S.C. § 2241(c)(3), for prisoners whose custody is "in violation of the Constitution or laws or treaties of the United States...."  28 U.S.C. § 2241(c)(3); <u>McNeely v. Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1

I.  Background

    A.  The Petition

Petitioner alleges he is an inmate of the Coalinga State Hospital serving a sentence or term of commitment pursuant to California's Sexually Violent Predators Act (SVPA) imposed on February 12, 2012, in the Superior Court of the State of California, County of Tulare (TCSC). However, Petitioner also alleges that his plea of no contest to a single count of sexual battery in violation of Cal. Pen. Code § 243.3 in TCSC case number VCF233965 was violated by the filing of the SVPA petition pursuant to which he is presently facing trial.

By previous order, this Court dismissed without leave to amend Petitioner's state law claims concerning the requirement of Petitioner's incarceration for SVPA proceedings to commence, the alleged untimeliness of the SVPA proceeding under California's statutory scheme, and the authority of the state trial court under California law to dismiss the SVPA petition. The remaining claim alleges the prosecution's filing of the SVPA petition was a breach of Petitioner's plea agreement in the sexual battery case.

Respondent filed a response to this remaining claim on April 18, 2013, along with supporting documents, contending that the Court should abstain from exercising jurisdiction over the petition because the SVPA case was proceeding, and alternatively that Petitioner's plea agreement in the sexual battery case was not violated by the institution and pendency of the SVPA proceedings. (Doc. 18.) Although the time for filing a traverse has passed, Petitioner has not filed a traverse.

///

B. <u>Procedural and Factual Background</u>

On October 31, 2005, Petitioner was sentenced to three years in prison pursuant to his conviction in TCSC case number VCF 134527 of two counts of sodomy while confined in a state prison or local detention facility in violation of Cal. Pen. Code § 286(e). (LD 1.)[2] Petitioner was paroled after serving his sentence but suffered a revocation of parole in April, 2010, for his arrest on suspicion of rape, and was returned to custody for a year. (LD 9, exh. A; LD 6, exh. B.)

With respect to the incident that precipitated the parole violation, on February 1, 2011, Petitioner entered a plea of no contest in TCSC case number VCF 233965 to a violation of Cal. Pen. Code § 243.4, the felony of sexual battery, in exchange for a two-year state prison sentence. (LD 6, Exh. C, trans. of change of plea, 1.) No promises or representations concerning the initiation of a SVPA proceeding appear on the record of the change of plea proceedings or the sentencing proceedings that followed on March 3, 2011. (<u>Id.</u> at exh. C, 1-3; exh. D, trans. of sentencing, 1-6.) However, in correspondence in January 2011, the prosecutor suggested to Petitioner's defense attorney that the plea to § 243.4 with one prior strike did "not put him in SVP range," and "also [got] rid of the possibility of a life sentence and new strike and being in the SVP range." (LD 6, exh. E.) Further, correspondence in early April 2011 shows that defense counsel informed the prosecutor that "you guys" had just filed an SVP petition against Petitioner; it also reflects a belief by both defense counsel and the prosecutor in the

---

[2] "LD" refers to documents lodged by Respondent in support of the answer.

3

criminal case that Petitioner's convictions did not render him eligible for a SVP petition.  (LD 7, ex. 1.)

On March 2, 2011, when Petitioner was due to be released from parole in case number VCF 134527 (the sodomy while in custody), a hold was placed against him so he could be evaluated to determine if he met the criteria for commitment under the SVPA.  (LD 9, exh. B.)

Petitioner was sentenced pursuant to the sexual battery plea to two years in state prison on March 3, 2011.  (LD 6, exh. D; LD 2.)

On April 1, 2011, a petition for commitment of Petitioner as a sexually violent predator (SVP) was filed in TCSC action number VCF 134527.  (LD 3, 1.)  The incidents on which the prosecutor sought to rely to establish probable cause that Petitioner was likely to engage in sexually violent, predatory, criminal behavior upon release and to hold Petitioner in custody pending trial were identified as those referred to in evaluations and supporting documents from the Department of Mental Health.  (Id. at 2; id., exh. A.)

A report by Roger Karlsson, Ph.D., referred by name only to a summary of the parole revocation hearing and decision in March and April 2010, listed Petitioner's parole violation in 2010 in his criminal history, but concluded that the 2010 sexual offense was not a sexually violent offense.  (Id., exh. A, pp. 2, 21, 24-26.)  Similarly, a report by Christopher Matosich, Ph.D., did not reflect any consideration of Petitioner's 2010 sexual offense as a basis of a finding that had committed sexually violent offenses; the sexual battery was mentioned only in passing in an assessment of Petitioner's cooperation with institutional supervision.  (Id., exh. A, pp. 1-26, 23.)  Further, the prosecutor's declaration identified

4

the following convictions as those that qualified Petitioner for commitment: attempted sodomy with the use of force in October 2004, attempted rape in October 2004, and the two counts of sodomy in a correctional facility in 2005. (LD 3, decl. p. 5.). Petitioner's conviction for violating § 243.4 was not included in that list. (Id.)

Petitioner contended that the institution of the SVPA proceedings violated his plea in the sexual battery case in a habeas corpus proceeding before the TCSC in which he requested dismissal of the SVPA proceeding. The matter was fully briefed pursuant to an order to show cause. On February 21, 2012, the court heard the issue whether any breach of the plea agreement in the sexual battery case by filing of the SVP petition should result in dismissal of the SVP petition or the setting aside of the criminal plea. (LD 4-11.) Petitioner's knowledge that SVP proceedings were being contemplated and interviews and reviews in connection with SVP proceedings began in January 2011 was noted. (LD 11, 6-7.) The court noted the earlier ruling of Judge Kalashian that the SVP proceedings had been instituted independent of the sexual battery conviction and related custody. The court determined, however, that if Petitioner entered his plea with the understanding that the prosecutor believed he did not meet the SVP criteria, he would be entitled to set aside his sentence and plea and reinstate his not guilty plea and proceed to trial on the sexual battery charge and risk an even longer sentence. (LD 11, 4.) The judge denied the petition for writ of habeas corpus insofar as Petitioner requested dismissal of the SVPA proceedings; the petition was denied without prejudice to Petitioner's right to

file an additional writ related solely to the issue of setting aside his plea. (Id. at 7-9.)

II. Abstention

In the answer, Respondent argues that the Court should abstain from exercising jurisdiction and dismiss this action because of the pendency of the SVPA proceedings in state court.

Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. See, Ex parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991). Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. See, Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

A federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 40-41, 43-45 (1971); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). In the Ninth Circuit, for abstention to be appropriate, the federal court action must enjoin the state proceeding or have the practical effect of doing so by interfering in a way that Younger

6

disapproves. Gilbertson v. Albright, 381 F.3d 965, 977-78 (9th Cir. 2004) (en banc).

The principle of abstention has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973), or even during the time a case is on appeal in the state courts, New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). The principle has also been applied to pending state civil proceedings where important state interests are at stake. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. at 432; Moore v. Sims, 442 U.S. 415, 423 (1979) (pending child custody proceeding); Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975) (pending nuisance action).

There is no comprehensive definition of situations that would warrant an exception to Younger abstention principles, but interference in ongoing state proceedings would be appropriate only if the state is shown to have engaged in bad faith or harassment, or perhaps other unusual or special circumstances warranting equitable relief, such as flagrant and patent violations of express constitutional provisions, or a demonstration of irreparable injury. Younger, 401 U.S. at 53-54; Perez v. Ledesma, 401 U.S. 82, 85 (1971); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

Here, Petitioner does not dispute that at the time the petition was filed, state SVPA proceedings against him, which had begun in April 2011, were ongoing. (LD 18.) For purposes of Younger abstention, the critical determination is whether state proceedings

7

were underway at the time the federal action was filed, and state proceedings are deemed ongoing for purposes of Younger abstention until state appellate review is completed. Steffel v. Thompson, 415 U.S. 452, 462 (1974); Gilbertson v. Albright, 381 F.3d at 969 n.4. The register of actions from the TCSC shows that trial in the pending SVPA proceeding has been set for October 28, 2013.  (LD 18.)

Further, SVPA proceedings involve important state interests. The importance of a state's interest may be shown by a close relationship between noncriminal proceedings to proceedings that are criminal in nature. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. at 432.  The SVPA proceedings are closely related to proceedings that are criminal in nature and involve state interests of protection of the public and mental health treatment, which under California law are considered to be compelling, Hubbart v. Superior Court, 19 Cal.4th 1138, 1153 n.20 (1999), and are the types of interests categorized as legitimate and important under federal authority, Dept. of Revenue of Ky. v. Davis, 553 U.S. 328, 340 (2008) (health, safety and welfare of citizens); Hill v. Colorado, 530 U.S. 703, 715 (2000) (traditional police power of the state to protect the health and safety of citizens).  The Younger abstention principles have been held to specifically apply to SVPA proceedings. See, Smith v. Plummer, 458 Fed. Appx. 642, 643 (No. 10-16286, 9th Cir. Nov. 15, 2011) (unpublished); Miller v. Cate, 2011 WL 4457666, *4 (No. 1:11-cv-01111-LJO-GBC(PC), E.D.Cal. Sept. 23, 2011 (unpublished) (collecting cases); Cruz v. Ahlin, 2011 WL 5290092, *3 (No. EDCV 11-658-JST(AJW), C.D.Cal. Aug. 24, 2011) (unpublished) (collecting cases).
///

Finally, it appears that the ongoing state SVPA proceeding affords the petitioner an adequate opportunity to raise his constitutional claims.  Although Petitioner's claim is based on a constitutional claim related to Petitioner's guilty plea in a criminal proceeding, it addresses the legality of the SVPA proceedings, and thus it is not categorically excluded from matters that could be addressed in the pending SVPA proceedings.  Cf., People v. Taylor, 174 Cal.App.4th 920 (2009) (on appeal from SVPA proceedings, offenders could raise constitutional claims relating to due process, equal protection, double jeopardy, and ex post facto principles), People v. Hubbart, 88 Cal.App.4th 1202 (2001) (on appeal in SVPA proceeding, prisoner could raise equal protection, due process, and double jeopardy concerns and claims relating to the underlying authority of the People to proceed with SVPA proceedings).  Although Petitioner may not have succeeded in his claims at this point in the state proceedings, that does not render the forum inadequate.  Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).  Further, the trial and appellate proceedings in state court might result in reversal and thus moot any federal question.  See, Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).  The Court thus concludes that the ongoing state SVPA proceeding affords Petitioner an adequate opportunity to raise his constitutional claims.

In summary, Younger abstention is appropriate because all three requirements for application of the doctrine have been met. Further, there are no special circumstances in this case to warrant an exception to abstention.  Although at some point in the plea bargaining process in Petitioner's sexual battery case there appears

9

to have been a mutual mistake made by both the prosecutor and Petitioner's counsel concerning Petitioner's eligibility for a SVPA commitment, there is no showing of bad faith. As the foregoing factual summary demonstrates, the SVPA proceeding challenged by Petitioner was not initiated because of Petitioner's sexual battery conviction. Additionally, in the trial court, Petitioner was given the opportunity to move to withdraw his plea in the sexual battery case, which would appear to have made it possible for Petitioner to avoid the consequences of any mistake made with respect to his eligibility for SVPA proceedings.

Accordingly, the Court concludes that it is appropriate to abstain from the exercise of jurisdiction in this case.

III. Remedy

Ordinarily, in an action seeking injunctive or declaratory relief or other relief that would have the same practical effect as a declaration or injunction on pending state proceedings, a district court must dismiss the federal proceedings when the district court determines that Younger abstention applies. Gilbertson v. Albright, 381 F.3d 968. Thus, it will be recommended that the petition be dismissed.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a

constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, an applicant need not show the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

///
///

### V. Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action.

IT IS SO ORDERED.

Dated: **September 19, 2013**          **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE