UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE PRITCHETT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>AUDREY KING, Executive Director,<br><br>　　　　　Respondent. | No.  1:12-cv-1333-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO REOPEN AND TO ORDER PARTIES TO FILE SUPPLEMENTAL BRIEFING ADDRESSING THE REMAINING CLAIM<br><br>(Doc. Nos. 24, 26) |

　　　　Petitioner Jesse Pritchett was civilly committed pursuant to California's Sexual Violent Predator Act ("SVPA") and is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner sought to challenge the prosecution's effort to commit him as a "sexually violent predator" under the SVPA,[1] arguing that such effort was in violation of his plea agreement in another criminal prosecution for sexual battery.  (Doc. No. 22 at 2.)  Initially, the court abstained from exercising federal jurisdiction over the instant habeas petition following *Younger v. Harris*, 401 U.S. 37, 40-45 (1971) because the SVPA proceeding to commit petitioner was ongoing at the time, and dismissed this case without prejudice in the fall of 2013.

/////

---

[1] Under the SVPA, a "sexually violent predator" is "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."  Cal. Welf. & Inst. Code § 6600(a)(1).

1

(Doc. No. 22.) Judgment was then entered on the same date, and the case was closed. (Doc. No. 23.)

Petitioner now seeks to reopen this case to address his habeas claim because the SVPA proceeding has concluded. (Doc. No. 24.) The evidence submitted by petitioner shows that the California Court of Appeal affirmed petitioner's commitment under the SVPA, and that the California Supreme Court denied review on September 30, 2020. (Doc. No. 24, Exs. A–B.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.

On November 12, 2020, the assigned magistrate judge recommended that this case be reopened in the interest of judicial efficiency, and that the parties be instructed to file supplemental briefing addressing petitioner's claim. (Doc. No. 26 at 2–3.) In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. The undersigned finds the pending findings and recommendations to be supported by the record and proper analysis and will adopt the findings and recommendations.

Accordingly, the court orders as follows:

1) The findings and recommendations (Doc. No. 26), issued on November 12, 2020, are ADOPTED in full;
2) Petitioner's motion to reopen the case (Doc. No. 24) is GRANTED;
3) The Clerk of Court is DIRECTED to reopen the case;
4) Respondent is DIRECTED to file a supplemental brief on the remaining claim within thirty (30) days of the date of service of this order;
5) Petitioner MAY file a supplemental traverse to respondent's supplemental brief within thirty (30) days of the date of respondent's submission; and
6) The matter is REFERRED back to the magistrate judge assigned to this case pursuant to 28 U.S.C. § 636(b).

IT IS SO ORDERED.

Dated:  **February 2, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE